UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**MARCUS T. STRINGER**            **CIVIL ACTION NO. 22-0657**

**SECTION P**

**VS.**

**JUDGE S. MAURICE HICKS, JR.**

**SERGEANT TAYLOR, ET AL.**      **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Plaintiff Marcus T. Stringer, a prisoner at Caddo Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately March 7, 2022, under 42 U.S.C. § 1983. He names Sergeant Taylor and Caddo Jail as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that on December 2, 2021, Sergeant Taylor did not "turn [his] motion for leave to proceed in forma pauperis in on time." [doc. # 1, p. 3]. He alleges that, consequently, this Court struck his complaint and closed his proceeding because he was unable to file a completed in forma pauperis ("IFP") application. *Id.* Plaintiff states that he gave Sergeant Taylor "the paper on time" and did what he was supposed to do "on [his] end . . . ." *Id.* He adds that there is "only so much [he] can do" because he is incarcerated and on "lockdown 24 hours a day with no help." *Id.* Plaintiff asks the Court to remove Sergeant Taylor from his position. *Id.* at 4.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by

the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Access to Court**

Plaintiff alleges that this Court struck his pleading and closed his civil rights case because he failed to file a completed IFP application. As above, he claims that Sergeant Taylor interfered with his IFP application and is therefore responsible for Plaintiff failing to obtain any relief.

Plaintiff does not specify which of two possible proceedings to which he refers. Regardless, he does not state a plausible claim on which relief may be granted.

To succeed on claim that a defendant is violating a plaintiff's right to access the courts, the plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (*quoting Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

"Denial-of-access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official action has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an

4

opportunity to seek some particular order of relief.'" *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (*quoting Christopher*, 536 U.S. at 413-14).

"To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012); *see Christopher*, 536 U.S. at 413-14 (("These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.").

Plaintiff here filed *Marcus T. Stringer v. Steve Prator, et al.*, 5:21-cv-4202 (W.D. La. 2021), on approximately December 2, 2021. On January 21, 2022, the Court struck Plaintiff's complaint because he failed to pay the filing fee or file a completed IFP application. *Id.* at Doc. 6. Specifically, Plaintiff "failed to have an accounts officer complete and sign the IFP form." *Id.* That said, the Court reinstated the proceeding on February 18, 2022. *Id.* at Doc. 8.

To the extent Plaintiff faults Sergeant Taylor for the stricken pleading in the aforementioned proceeding, his access-to-court claim is premature because the Court reinstated the proceeding, and Plaintiff has not lost the opportunity to prevail on his claims. *See Eason*, 73 F.3d at 1328 ("[T]o make out a claim that his constitutional right of access to the courts has been violated, [a plaintiff] must have demonstrated that his position as a litigant was prejudiced by his denial of access to the courts."). In other words, he can still (potentially) obtain the relief he seeks because his claims are pending. Plaintiff has not identified "a remedy that is not otherwise available in another suit . . . ." *See Waller* 922 F.3d at 602 (finding that the plaintiffs did not identify a remedy that is not otherwise available in another suit that may yet be brought because

5

the plaintiffs were actively litigating their underlying claim, because it was "too early to say" that the plaintiffs' underlying claim was compromised, and because the plaintiffs had yet to suffer a "concrete setback traceable to the defendants'" actions).[3]

Plaintiff's access-to-court claim fares no better if he instead refers to *Marcus T. Stringer v. Caddo Correctional Center Staff, et al.*, 5:21-cv-4044 (W.D. La. 2021), which he filed on approximately October 25, 2021. On December 2, 2021, the Court instructed Plaintiff to, within thirty days, (1) pay the full filing fee or file a completed IFP application and (2) file his complaint on the Court's approved form. *Id.* at Doc. 3. On December 17, 2021, Plaintiff filed an IFP application, but he lacked the 'accounts officer page,' which is the last page of the application. *Id.* at Doc. 4. He informed the Court that the accounts officer "did not send [the accounts officer page] back to" him so he could file it with the Court. *Id.* at Doc. 4-1.[4] The Clerk of Court then mailed Plaintiff a second copy of the accounts officer page to complete and file.

On February 7, 2022, Plaintiff again informed the Court that the accounts officer failed to "sign off" on the accounts officer page. *Id.* at Doc. 5. He stated, "it's like Sgt. Taylor [is] waiting on the deadline to come so my case would be closed." *Id.* He added that "something should be done about this situation[,]" and he asked the Court for assistance. *Id.*

On February 22, 2022, the Court struck Plaintiff's complaint and closed the proceeding, reasoning:

---

[3] "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

[4] Notably, Plaintiff only waited eleven days for his accounts officer page before informing the Court that the officer failed to complete the page and return it to him.

> Plaintiff attempted to file an application to proceed in forma pauperis, but he indicated that he could not complete his application because he could not obtain a completed 'accounts officer form' from the facility without the Court's assistance. [doc. #s 4; 4-1; 5]. However, Plaintiff never filed a complaint on an approved form. Thus, regardless of his asserted inability to file a completed in forma pauperis application, Plaintiff has failed to comply with the Court's December 2, 2021 Order by the deadline.

*Id.* at Doc. 6. Plaintiff did not appeal or move to reinstate the proceeding. On March 4, 2022, Plaintiff filed a letter, reiterating that Sergeant Taylor was responsible for failing to complete the accounts officer page. *Id.* at Doc. 7.

In the instant proceeding, Plaintiff does not plausibly allege that Taylor's action or inaction was the cause of Plaintiff's stricken proceeding. Even if Plaintiff obtained and filed a completed accounts officer page, the Court would have struck Plaintiff's complaint and closed the proceeding because he never filed his complaint on the Court's approved form. Plaintiff does not allege that Taylor interfered with his ability to complete and file his complaint on the approved form.

The Court should dismiss this claim.[5]

### 3. Entity Unamenable to Suit

In the "Relief" section of Plaintiff's form pleading, he mentions that he is suing "Caddo Jail" for hiring Sergeant Taylor. [doc. # 1, p. 4].

---

[5] Even if Plaintiff stated a plausible access-to-court claim, he does not seek any cognizable relief. He only asks the Court to terminate Taylor's employment. The Court, however, lacks authority to grant this relief. **Error! Main Document Only.**Federal courts are not prison managers or personnel directors. *See Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009). Courts "will not interfere in the administration of prisons absent an abuse of the wide discretion allowed prison officials in maintaining order and discipline." *Royal v. Clark*, 447 F.2d 501, 501-02 (5th Cir. 1971). The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *see Turner v. Safley*, 482 U.S. 78, 84-85 (1987).

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Caddo Jail does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against Caddo Jail.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Marcus T. Stringer's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 31st day of March, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge